UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMGRATION STUDIES, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 22-0117 (TNM) |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | ) <br> ) |
| | ) |
| Defendant. | ) <br> ) |

**DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

## TABLE OF AUTHORITIES

**Case(s)**                                                                 Page(s)

**Am. Ctr. for Law & Just. v. Dep't of Homeland Sec.*,
  2021 U.S. Dist. LEXIS 217215 (D.D.C. Nov. 10, 2021) ............................................. 1, 8
*\*Am. Fed'n of Gov't Emps. ("AFGE") v. De*p't of,Comm,
  907 F.2d 203 (D.C. Cir. 1990) ................................................................ 7, 8, 10, 11
*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..................................................................................... 5, 6
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................... 4, 5
*Assassination Archives & Rsch. Ctr., Inc. v. CIA*,
  720 F. Supp. 217 (D.D.C. 1989) ................................................................. 10, 11
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................... 4, 5
*Borden v. FBI*,
  27 F.3d 554 ...................................................................................................... 1
*Cannon v. District of Columbia*,
  717 F.3d 200 (D.C. Cir. 2013) ........................................................................ 2
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ......................................................................................... 5
*Dale v. IRS*,
  238 F. Supp. 2d 99 (D.D.C. 2002) .................................................... 1, 6, 9, 11
*EEOC v. St. Francis Xavier Parochial Sch.*,
  117 F.3d 621 (D.C. Cir. 1997) ........................................................................ 2
*Freedom Watch v. CIA*,
  895 F. Supp. 2d ........................................................................................ 1, 8
*\*Freedom Watch v. State*,
  925 F. Supp. 2d 55 (D.D.C. 2013) ............................................................ 9, 11
*Gustave-Schmidt v. Chao*,
  226 F. Supp. 2d 191 (D.D.C. 2002) ............................................................... 5
*Hainey v. Dep't of Interior*,
  925 F. Supp. 2d 34 (D.D.C. 2013) ............................................................... 11
*Hall v. Dep't of Just.*,
  273 F. Supp. 3d 77 (D.D.C. 2017) ........................................................... 6, 10
*Int'l Counsel Bureau v. Dep't of*,
  *Def.*, 723 F. Supp. 2d 54 (D.D.C. 2010) ..................................................... 11
*Macleod v. Dep't of Homeland Sec.*, Civ. A. No. 15-1792,
  2017 U.S. Dist. LEXIS 153651 (D.D.C. Sept. 21, 2017) ............................... 6
*Markowicz v. Johnson*,
  206 F. Supp. 3d 158 (D.D.C. 2016) ............................................................... 2
*Marks v. Dep't of Just.*,
  578 F.2d 261 (9th Cir. 1978) ....................................................................... 10
*Mason v. Callaway*,
  554 F.2d 129 (4th Cir. 1977) ....................................................................... 11

*McClanahan v. Dep't of Just.*,
  204 F. Supp. 3d 30 (D.D.C. 2016) .................................................................................. 3
*Moore v. FBI*,
  883 F. Supp. 2d 155 (D.D.C. 2012) ................................................................................ 9
*Nat'l Sec. Counselors v. CIA*,
  969 F.3d 406 (D.C. Cir. 2020) ...................................................................................... 11
*Papasan v. Allain*,
  478 U.S. 265 (1986) ....................................................................................................... 5
*Pharm. Rsch. & Mfrs. of Am. v. Dep't of Health & Human Servs.*,
  43 F. Supp. 3d 28 (D.D.C. 2014) ................................................................................... 2
*Sack v. CIA*,
  53 F. Supp. 3d 154 (D.D.C. 2014) ............................................................................ 9, 10
*\*Sai v. Transportation Security Administration*,
  315 F. Supp. 3d 218 (D.D.C. 2018) .......................................................................... 8, 11
*Sykes v. Dudas*,
  573 F. Supp. 2d 191 (D.D.C. 2008) ............................................................................... 4
*Vest v. Dep't of Air Force*,
  793 F. Supp. 2d 103 (D.D.C. 2011) ............................................................................... 6
*Wilson v. Wolf*, 2021 WL 230136 (D.D.C. Jan. 22, 2021) .............................................. 2

Statute

5 U.S.C. § 552 ....................................................................................................................... 1
5 U.S.C. § 552(a)(3)(A) ........................................................................................................ 6
5 U.S.C. § 552(a)(6)(A)(i) .................................................................................................... 3

Regulations

6 C.F.R. § 5.13 ...................................................................................................................... 6

Defendant U.S. Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the Complaint in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") action on the basis that the underlying requests are impermissibly broad and so sweeping that they do not to constitute valid FOIA requests.  Because their invalidity can be assessed from the face of the requests, which are recited in the Complaint, this issue can be resolved on a motion to dismiss.[1]  *Am. Ctr. for Law & Just. v. Dep't of Homeland Sec.*, Civ. A. No. 21-1364 (TNM), 2021 U.S. Dist. LEXIS 217215, at *21-22 (D.D.C. Nov. 10, 2021) (hereinafter, "*American Center*") dismissing Complaint without prejudice on the basis that the FOIA request on its face failed to reasonably describe the records sought).

However, to the extent the Court determines that it requires extrinsic evidence to resolve this issue, Defendant moves in the alternative for summary judgment under Rule 56 based on the accompanying declaration of Cynthia Munita, which describes USCIS's unsuccessful attempt to have Plaintiff narrow the requests as well as the burden on the agency of processing the requests as submitted.

## **FACTS**

On June 1, 2021, Plaintiff submitted three separate FOIA requests to USCIS, each seeking "[a]ll records sent or received electronically" by certain high-level employees of USCIS for the

---

[1] Courts have resolved such issues based on the FOIA request and without requiring extrinsic evidence. *See Dale v. IRS*, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2002) (noting that request was deficient "on its face"); *Freedom Watch v. CIA*, 895 F. Supp. 2d at 228 ("Freedom Watch's complaint demonstrates on its face that its FOIA requests" are improper); *Borden v. FBI*, 27 F.3d 554, at*1 (1st Cir. 1994) (unpublished) ("[T]he request which plaintiff allegedly presented . . . does not reasonably describe the records sought . . . . [T]he complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments[.]" (citations omitted)).

period "from January 20, 2021 to the present." (Compl. ¶¶ 5, 7, 9)  The first request sought "[a]ll records sent or received electronically by Felicia Escobar Carrillo" for the referenced time period (hereinafter, the "Carrillo Request"). (Compl. ¶ 5)  Ms. Escobar Carrillo was appointed Chief of Staff for USCIS on January 28, 2021.  *See* https://www.uscis.gov/about-us/organization/leadership/felicia-escobar-carrillo-chief-of-staff-office-of-the-director (last visited March 23, 2022)[2]  The second request sought "[a]ll records sent or received electronically by Amanda Baran" for the same time period (hereinafter, the "Baran Request"). (Compl. ¶ 7)  Ms. Baran was appointed Chief of USCIS's Office of Policy and Strategy on January 20, 2021. *See* https://www.uscis.gov/about-us/organization/leadership/amanda-baran-chief-office-of-policy-and-strategy (last visited March 23, 2022)  The third request sought "[a]ll records sent or received electronically by A. Ashley Tabaddor," also for the same time period (hereinafter, the "Tabaddor Request"). (Compl. ¶ 9) Ms. Tabaddor was appointed as USCIS Chief Counsel on January 25, 2021.  *See* https://www.uscis.gov/about-us/organization/leadership/a-ashley-tabaddor-chief-counsel-office-of-chief-counsel (last visited March 23, 2022)

Thus, for each of these three high level USCIS employees, the FOIA requests did not identify any subject matter or provide any other specifics that would add some contours to the

---

[2]  The Court may take judicial notice of information posted on official public websites of government agencies.  *See, e.g., Markowicz v. Johnson*, 206 F. Supp. 3d 158, 161 n.2 (D.D.C. 2016) (Contreras, J.) (citing *Pharm. Rsch. & Mfrs. of Am. v. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (Contreras, J.) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.") (citing *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013) (taking judicial notice of document posted on D.C. public website)))).  As such, the Court can consider the websites cited herein without converting this motion into one seeking summary judgment. *See, e.g., Wilson v. Wolf*, Civ. A. No. 20-0100 (ABJ), 2021 WL 230136, at *4 (D.D.C. Jan. 22, 2021) ("In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'") (citing, among others, *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

2

information being requested. Instead, the requests sought every email that these high-level individuals sent or received from when they first began working at USCIS with the change in administrations in January 2021 until the date of the processing of the FOIA request, a period of at least five months or longer depending on when any search could be conducted.[3]

By e-mail dated June 28, 2021, the USCIS FOIA Section wrote the requester with respect to all three requests that, "[i]n order to respond in a more timely manner, and reduce processing time, is there [a] specific subject matter you are seeking so that we can focus our search for records?" (Munita Decl. ¶ 8 and Ex. A) On June 30, 2021, the requester declined to narrow the requests, responding that the requests were "sufficiently focused and I'm not requesting that you narrow it further." (*Id.*)

In November 2021, after assessing that one of the requests (the Carillo Request) alone would involve the processing of 200,000 e-mails, consisting of a file size of 65 gigabytes and translating to approximately 937,608 pages of material, USCIS again requested that requester narrow the request. (Munita Decl. ¶ 11 and Ex. B) Specifically, the requester was notified that:

> The initial search results contain over 200,000 emails with a file size of over 68 GB. Due to the sheer size of the file the required initial step of attempting to transfer this large amount of data within USCIS' network could take more than a week, severely degrade OIT's normal business workload and be hampered by available bandwidth. There is also a real possibility the file transfer could fail requiring the process to be started all over again. Subsequently, even if the file transfer was able to be completed it could take the USCIS FOIA Office well over one year to complete the FOIA review process before we would be able to

---

[3] The default time period set forth in FOIA for responding to a request is 20 business days from receipt of the request, 5 U.S.C. § 552(a)(6)(A)(i), and the search cut-off date typically is the date the search is conducted. *McClanahan v. Dep't of Just.*, 204 F. Supp. 3d 30, 47 (D.D.C. 2016). Accordingly, as a practical matter, the requests sought at a minimum information for a five month time period. In actuality, as part of its effort to confer with the requester to narrow the request, USCIS began capturing the email in mid-October 2021. (Munita Decl. ¶ 10)

>provide the records. Due to these circumstances I am hoping we can work together to make this FOIA request feasible.

(*Id*.) The requester again declined to narrow (*id*. ¶ 12) and filed this lawsuit on January 18, 2022.

As to the two other requests, USCIS estimates that the Tabaddor Request would involve the processing of 542,515 pages (encompassing 37.61 gigabytes of material), whereas the Baran Request would involve the processing of 150,017 pages (encompassing 10.4 gigabytes of material). (Munita Decl. ¶¶ 13-14) USCIS further estimates that the processing of all three requests would take over 1,000 work days, and that the high level positions of these individuals and the types of matters about which they would be involved would add to the complexity of processing the requests. (Munita Decl. ¶¶ 15-16) In Fiscal Year 2021, USCIS received over 230,000 FOIA requests. (Munita Decl. ¶ 17) Processing the three requests at issue in this lawsuit, therefore, would impair USCIS's ability to process the numerous other FOIA that it receives. (*Id*.)

## STANDARD OF REVIEW

Rule 12(b)(6) governs dismissal of a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008). However, a district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id*. at 198-99. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, the court need not

"accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Accordingly, Plaintiffs must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Therefore, the focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to plausibly support Plaintiffs' claims for relief. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citations omitted).

Summary judgment is appropriate when the pleadings and the evidence demonstrate that there "is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial responsibility of showing an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether a genuine issue of material fact exists, the Court must make all inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary

judgment. *Celotex*, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50.

## ARGUMENT

Plaintiff's FOIA requests are improper because they are unreasonably broad and burdensome. As such, the requests are not valid and do not trigger any obligation on the part of the agency to respond. *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). The failure to submit a valid request, moreover, constitutes a failure to exhaust administrative remedies, warranting dismissal of any action premised on an invalid request. *Id.*; *see also Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114-15 (D.D.C. 2011); *Macleod v. Dep't of Homeland Sec.*, Civ. A. No. 15-1792, 2017 U.S. Dist. LEXIS 153651, at *16 (D.D.C. Sept. 21, 2017); *Hall v. Dep't of Just.*, 273 F. Supp. 3d 77, 84 (D.D.C. 2017).

FOIA sets forth two specific requirements for a valid request: that the request (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *Dale*, 238 F. Supp. 2d at 103. The obligation to process a request only begins upon receipt of a valid request; that is, one that satisfies these two requirements. *Dale*, 238 F. Supp. 2d at 103.

The requirement that a request "reasonably" describe the records sought, moreover, is set forth in the published regulations applicable to requests to USCIS. *Am. Ctr.*, 2021 U.S. Dist. LEXIS 217215, at *6 n.5 ("DHS rules incorporate the Act's 'reasonably describes' requirement.") Pursuant to those regulations, a requester "must describe the records sought in sufficient detail to enable [agency] personnel to locate them with a reasonable amount of effort." 6 C.F.R. § 5.13 (b). A reasonable description "contains sufficient information to permit an organized, non-random search for the record based on the component's filing arrangements and

6

existing retrieval systems" and, "[t]o the extent possible, requesters should include specific information that may assist a component in identifying the requested records, such as the date, title or name, author, recipient, subject matter of the record, case number, file designation, or reference number." *Id*.

As USCIS did here, "[i]f after receiving a request, a component determines that it does not reasonably describe the records sought, the component should inform the requester what additional information is needed or why the request is otherwise insufficient." *Id.* "If a request does not adequately describe the records sought, DHS may at its discretion either administratively close the request or seek additional information from the requester."[4]

As the FOIA statute and applicable regulations make clear, a FOIA request must be framed around some subject matter, class of information, or provide some other focal point to add contour to the information being requested (such as a case number, file designation, or reference number) to be reasonably descriptive. *Am. Fed'n of Gov't Emps. ("AFGE") v. Dep't of Comm*, 907 F.2d 203, 209 (D.C. Cir. 1990) (a request must "'reasonably describe[]' a class of documents subject to disclosure"). It is not permissible to simply request *all* work product received or generated by a government official over an extended period. Here, the requests effectively ask for all work product of three government officials for approximately their first half a year on the job. Given the absence of any specification as to subject matter, that somewhat defined time period alone fails "to cure an overly broad description of the records" as the description "is what matters." *Am. Ctr.,* 2021 U.S. Dist. LEXIS 217215, at *18. Indeed, if such a request were deemed reasonably

---

[4] Because this case is now in litigation, the requests no longer are in the administrative process and thus cannot be administratively closed. Accordingly, USCIS moves to dismiss the Complaint on the basis of a failure to exhaust administrative remedies on the basis that Plaintiff has submitted invalid FOIA requests.

descriptive, nothing would prevent a requester from going even further and requesting all work product of a government official for a specified period of years, or the work product of an entire office.

While technological advances may allow such information to be captured by an agency, such advances are not a basis to read out of FOIA the "reasonably describes" requirement as a necessary limitation on the permissible scope of a request. This Court's observation in *American Center*, which was made in connection with the Court's dismissal of an overly broad request, applies equally here:

> FOIA provides an important check against the abuses of government. Nonprofits have wielded FOIA in that laudable spirit, often to positive effect for all concerned about how government operates. But FOIA also encourages the same nonprofits requesters to push further. And many have, some persistently. Those incentives [reduced or waived processing fees and attorney fee shifting provisions] breed requests like this one—imposing crushing burdens on limited agency resources with no clear scope or result. FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it.

*Id*. at *10-11, 22.

As a general matter, records are considered reasonably described "'if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort.'" *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012). But that general rule still requires that some "subject matter" or defined "class" of records be identified. *AFGE, Local 2782*, 907 F.2d at 209. This Court so held in *American Center* and other courts are in accord.

For instance, in *Sai v. Transportation Security Administration*, 315 F. Supp. 3d 218 (D.D.C. 2018), the Court held that a request for "'*[a]ll* TSA policy and/or procedures documents' that were 'not already' available through the agency's electronic reading room, 'including both old [and]

8

current versions' of those documents" was impermissibly broad and did not impose an obligation on the agency to respond. *Id*. at 248-49. The court had "little doubt" that the request "did not 'reasonably describe' a class of documents subject to disclosure." *Id*.

Similarly, in *Freedom Watch v. State*, 925 F. Supp. 2d 55 (D.D.C. 2013), the Court deemed the requests at issue "invalid *ab initio*" for failing to identify the documents sought with "any modicum of specificity" or "identifiable limitation." *Id*. at 61-62. The requests sought, among other things, "'[a]ny and all communications between the office of Secretary of State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner,' 'the office of Secretary of State Hillary Clinton and the White House,' and 'the office of Secretary of Treasury Timothy Geithner and the White House.'" *Id*. at 62. The court concluded that the requests violated the "'reasonably describes'" standard of FOIA, as well as the agency's FOIA regulations which incorporated that standard, and thus were "infirm from the beginning." *Id*. at 60 n.1, 62. The court also rejected the plaintiff's attempt to belatedly narrow the scope of its request to avoid dismissal. *Id.* at 62.

Other courts have reached a similar conclusion in analogous circumstances. *See, e.g., Sack v. CIA*, 53 F. Supp. 3d 154, 163 (D.D.C. 2014); (concluding that agency was not required to conduct a search for a request for all records that "pertain[] in whole or in part (all years, all classifications)" to a list of closed Inspector General reports because it lacked clarity and was overbroad); *Moore v. FBI*, 883 F. Supp. 2d 155, 163 (D.D.C. 2012) (finding that a request for "information to make easier to locate consciousness- altering technology, or behavioral modification techniques, information regarding the program" was "not reasonably descriptive to trigger the CIA's disclosure obligations."); *Dale*, 238 F. Supp. 2d at 104-05 (holding that a request for "any and all documents, including but not limited to files, that refer or relate in any way to" the

9

plaintiff "amounted to an all-encompassing fishing expedition of files at IRS offices across the country," warranting dismissal); *Hall*, 273 F. Supp. 3d at 84 (finding insufficiently descriptive a request for "'all phone records in the possession of the Federal Bureau of Prisons'").

Even were the Court to conclude that the requests were reasonably descriptive because technology allows the agency to identify the electronic records being requested, the requests still would be invalid because of the undue burden that they would impose on the agency. *AFGE*, 907 F.2d at 209 ("While Requests 3A and 3B might identify the documents requested with sufficient precision to enable the agency to identify them . . . it is clear that these requests are so broad as to impose an unreasonable burden upon the agency.")  As in *AFGE*, "[t]hey would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material." *Id.* The accompanying declaration explains that processing the requests would involve approximately 1,000 work hours and would impair USCIS's ability to process the numerous other requests that it receives in a given year. (Munita Decl. ¶¶ 16-17.)

"[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (per curiam) (citation omitted). Thus, "[b]road, sweeping requests lacking specificity are not sufficient." *Sack,* 53 F. Supp. 3d at 163; *see also Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978) (courts have "held that broad, sweeping requests lacking specificity are not permissible" (collecting cases)).

Overbroad and unreasonably burdensome requests are invalid because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters."

*Assassination Archives*, 720 F. Supp. at 219.  Nor was FOIA intended to allow requesters to conduct a "fishing expedition" through agency files. *Dale*, 238 F. Supp. 2d at 104-05.  This limitation protects the ability of federal agencies to prioritize their resources notwithstanding any obligation to provide access to records under FOIA. *See, e.g.*, *Int'l Counsel Bureau v. Dep't of Def.*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010).  Ultimately, "[a]n agency need not honor a request that requires 'an unreasonably burdensome search.'" *AFGE*, 907 F.2d at 209; *see also Freedom Watch v. State*, 925 F. Supp. 2d 55, 62-63 (D.D.C. 2013) (dismissing complaint where overbroad requests were "infirm from the beginning" regardless of defendants' response to the requests). "The upshot is that, when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request." *Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020).

In *Sai,* for instance, which involved a request for "'*[a]ll* TSA policy and/or procedures documents' that were 'not already' available through the agency's electronic reading room," the court accepted the agency's declaration that processing the request as drafted "'would have created an extreme burden on and undue hardship for the entire agency and, in particular, the FOIA Branch.'" *Sai*, 315 F. Supp. 3d at 248-49; *see also Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (per curiam) (holding request inadequately identified records where plaintiffs sought "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . . , including, but not limited to, the files of (various government offices)."); *Hainey v. Dep't of Interior*, 925 F. Supp. 2d 34, 45 (D.D.C. 2013) (holding it unreasonably burdensome to require the search and review of every email sent or received by 25 different employees over the course of two years).  The same outcome should be reached here.

## **CONCLUSION**

For the foregoing reasons, this action should be dismissed or, alternatively, summary judgment granted in favor of Defendant.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _____/**s**/_____
JEREMY S. SIMON, D.C. Bar No. 447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W. Washington, D.C. 20530
(202) 252-2528
jeremy.simon@usdoj.gov
